THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| STATE OF TEXAS | § | |
| | § | |
| vs. | § | CASE NO. 7:06-CV-164 R |
| | § | ECF |
| The Varrio Carnales, aka "VC" Gang | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff's **MOTION TO REMAND** (filed October 20, 2006) (Dkt. 13). After careful consideration of all parties' submissions and the law applicable to the issues before the Court, the Court **GRANTS** the **MOTION TO REMAND** and remands this case to the 98th District Court in Wichita County, Texas. Additionally, the Court declines to award Plaintiff costs as a result of the Removal and declines to award sanctions against Rickey Bunch, Attorney for Defendants.

## I. BACKGROUND

Plaintiff, The State of Texas (State), filed and Injunction in state court prohibiting Mario Martinez and Maurice Lawson (collectively, Defendants), from engaging in certain activities while they are in designated areas of Wichita Falls pursuant to Chapter 125 of the Texas Civil Practice & Remedies Code. The state statute expressly authorizes suit to abate the public nuisance created by a combination or criminal street gang that continuously or regularly associates in gang activities. On October 2, 2006, the Defendants filed a notice of removal under §28 U.S.C. 1441(b) arguing that this court has federal question jurisdiction. Specifically, the Defendants claims there is federal jurisdiction because: (1) the information collected by the State against Defendants is predicated on the federal policy standards under the *Omnibus Crime Control and Safe Streets Act of 1968*, §42 U.S.C. 3711, (2) the information collected by the State is governed by the Privacy

Act of 1974 which provides a private right and remedy against those who violate federally funded criminal intelligence gathering programs, §42 U.S.C. 3789g, (3) the case arises under 28 U.S.C. §§1981, 1983 because Defendants can not enforce their rights in State Court because of political pressures, bias, fear and intimidation imposed by the State judge and officials and (4) the State's petition for injunction seeks to restrict Defendant's First and Fourteenth Amendment Constitutional rights.

On October 20, 2006, the State moved this Court to remand the case to the 98th District Court in Wichita County, Texas. Specifically the State argues (1) that removal is procedurally defective and (2) this court lacks federal question jurisdiction. Additionally, the State requests the Court to award costs as a result of the removal and to award sanctions against Defendants' attorney.

## II. ANALYSIS

The Court grants the State's Motion to Remand for the following reasons: (1) Defendants's Notice of Removal is procedurally defective, or in the alternative, (2) this Court does not have federal jurisdiction.

**A. Defendants' Notice of Removal is procedurally defective**

The notice of removal filed by the Defendants was procedurally defective. A defendant must file a notice of removal within thirty days of receipt of the initial pleading or within thirty days of the summons. 28 U.S.C. §1446(b). All defendants must join the petition for removal through written consent thirty days from the date the first defendant is served. *See Brown v.*

*Demco, Inc*., 792 F.2d 478, 481 (5th Cir. 1986). A defendant waives its right to remove if it does not timely file a notice of removal. *See Id.* at 481. This case was removable on August 31, 2006, and to this date, all Defendants have not joined the removal. Because all Defendants failed to join the removal within thirty days from the date the first defendant was served, the removal is invalid. 28 U.S.C. §1446(b); *see id.*

**B. This Court does not have federal jurisdiction**

This Court has no federal question jurisdiction pursuant to 28 U.S.C. §1331 granting a right of removal. The defendant bears the burden of showing that federal jurisdiction exists and that removal was proper. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). Under the well pleaded complaint rule, federal jurisiction exists only when a federal question has been presented on the face of Plaintiff's properly pleaded complaint. *Caterpillar, Inc. v. Williams, 482 U.S. 386* (1981). The State has brought this claim pursuant to Chapter 125 of the TEXAS CIVIL PRACTICE AND REMEDIES CODE. This Court therefore lacks subject matter jurisdiction over this case, and remand is mandatory. *See* 28 U.S.C. §1447(c).

Further, the Court finds that there has been no federal preemption of the state cause of action. Defendants have provided no federal statute or case law that pre-empts the state statute. Defendant argues that the information gathered by the State is subject to federal guidelines of the Omnibus Crime Control Act and the Privacy Act. However, these federal statutes do not regulate injunctive relief against criminal street gangs but merely provide guidelines and a policy standard. Therefore, there is no federal question jurisdiction under federal preemption of a state statute.

Additionally, removal of this case as a civil rights case under 28 U.S.C. §1443(1) is also

improper. A removal petition under 28 U.S.C. §1443(1) must satisfy a two-pronged test: (1) Defendants must allege they were denied rights under federal law providing for specific civil rights stated in terms of racial equality, and (2) Defendants must allege that they have been denied or cannot enforce the specific federal rights in state court. *Johnson v. Mississippi,* 95 S.Ct. 1591, 44 L. Ed. 2d 121 (1975). Here, Defendants vaguely argue there has been a violation of constitutional rights and simply allege that they cannot enforce their rights in state court because of political pressures, bias, fear and intimidation imposed by the state judge and officials. (*See* Defendants' Notice of Removal, paragraph 14, 20.). Defendants have not satisfied the prerequisites for removal under this statute, and therefore removal is improper. *Cf. Johnson,* 421 U.S. at 213 (holding that removal was not appropriate under §1443 where defendants alleged only that the statutes underlying the charges brought against them in state court were unconstitutional; that there was no basis in fact for the charges; and that their arrest and prosecution otherwise denied them their constitutional rights).

Lastly, the Court finds that Defendants arguments that removal under 28 U.S.C. §§1981, 1983 are erroneous and without merit. Defendant has failed to show that this Court has federal jurisdiction, therefore removal was improper.

### III. CONCLUSION

Pursuant to federal statutes and case law, Defendants' Motion for Removal was procedurally defective in that it failed to obtain consent for removal from all co-defendants within thirty days from the date the first defendant was served. Additionally, Defendants failed to meet their burden of showing that federal jurisdiction exists.

THEREFORE, for the reasons stated above, the Court **GRANTS** Plaintiff's Motion to Remand to State Court.

**It is so ORDERED.**
**ENTERED: January 18, 2007.**

_____
**JERRY BUCHMEYER,**
**SENIOR U.S. DISTRICT JUDGE**
**NORTHERN DISTRICT OF TEXAS**

5